**PLOUGH, INC., Plaintiff,**

v.

**INTERNATIONAL FLAVORS AND FRAGRANCES, INC. and Perry Brothers, Inc., Defendants.**

**No. 79–2170–M.**

United States District Court,
W.D. Tennessee, W.D.

Jan. 14, 1982.

Herbert E. Gerson, Memphis, Tenn., for Plough, Inc.

Lee J. Chase, III, Memphis, Tenn., for International Flavors and Fragrances, Inc.

Thomas W. Bell, Jr., Memphis, Tenn., for Perry Brothers, Inc.

Henry Hancock, Memphis, Tenn., for Commercial Union Ins. Co.

**ORDER ON COMMERCIAL UNION INSURANCE COMPANY'S MOTION TO INTERVENE**

McRAE, Chief Judge.

Plaintiff, Plough, Inc., instituted this action in March 1979, sounding in breach of warranty, products liability, and misrepresentation against defendants International Flavors and Fragrances, Inc. (IFF) and Perry Brothers, alleging that it had been supplied with certain fragrances that had proved photo-allergenic when used in suntan oil and lotion products. It appears that IFF demanded its insurance carrier, Commercial Union (CU), to defend the suit. CU apparently did defend IFF for a short time, but later refused to defend except on a reservation of rights. IFF protested, and began to defend the action itself. It further appears that in November 1980 CU brought suit in the District Court for the Southern District of New York, seeking a declaratory judgment on the question of CU's liability on the policies with IFF. Upon request, this action was stayed by the New York District Court until termination of the action in this Court. Pursuant to pleadings filed August 25, 1981, CU now moves this Court for permission to intervene for the limited purpose of requesting that if the action is tried, written questions and interrogatories be submitted to the jury pursuant to Rule 49(a) and (b) of the Federal Rules of Civil Procedure, and to require the parties to make an allocation of damages of some specificity upon any settlement. Numerous documents in opposition to and support of said motion have been filed with the Court.

The motion now before the Court presents a question only of the application of the facts as set out in the pleadings pursuant to Rule 24 of the Federal Rules of Civil Procedure, and the Court intends to rule accordingly.

Rule 24(a) addresses situations in which intervention is "of right." Rule 24(b) authorizes the court to grant "permissive intervention" in its discretion. Since in this instance the Court finds that movant is without a meritorious claim under Rule 24(a), permissive intervention only shall be considered.

Under Rule 24(b) the permissive intervention provision reads:

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: ... (2) When an applicant's claim or defense and the main action have a question of law or fact in common .... In exercising its discretion the Court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Defendant IFF opposes CU's intervention in this case on the following grounds:

(1) The application is untimely.

(2) CU's similar request has been denied by the United States District Court, S.D. N.Y.

(3) CU has waived and relinquished any right to intervene.

(4) There are no substantial common questions of law or fact.

(5) Intervention is moot as to the issues between IFF and CU.

(6) Intervention may cause jury prejudice and confusion.

The basis for CU's application is that Plough, in its action against IFF, is claiming items of damage on various theories and grounds, some of which CU asserts may be covered under the disclaimed policies of insurance between CU and IFF, should CU be found liable for such damage in subsequent litigation in the Southern District of New York. CU moves to intervene in this action for the limited right of further moving the Court for written questions or interrogatories to the jury under Rule 49(a) and (b) and for the parties to allocate damages specifically in the event of a settlement. The reasons for intervention are only considered by the Court at this juncture for the limited purpose of determining whether intervention is allowable under the language of Rule 24(b).

In defining the scope and policy of the Federal Rules of Civil Procedure, Rule 1 states, "They shall be construed to secure the just, speedy, and inexpensive determination of every action." The Court finds that in light of the circumstances surrounding the case and pursuant to the criteria of 24(b) and policy of Rule 1, CU is to be allowed to intervene for the very limited purpose of submitting special interrogatories, at pre-trial and trial, to the Court pursuant to Rule 49(a) and (b).

The Court reserves judgment until such interrogatories are submitted on whether they shall be employed in returning a verdict, or if a general verdict form will be submitted to the jury. Furthermore, the Court reserves its ruling as to whether answers to special interrogatories are to be considered advisory only in disputed issues between CU and IFF.

The Court additionally holds that CU's motion to intervene for the purpose of this Court to control settlement is denied.

The ruling of the Court on this motion in no way touches on the merits of what CU proposes to do now that motion to intervene has been partially granted. CU is hereafter required to move this Court at the appropriate time upon the limited matters for which it was allowed to intervene, and the Court at that time will rule on the validity of such requests after opposing parties have been given full opportunity to review CU's submitted interrogatories and respond to such.

IT IS SO ORDERED.