RESTOR–A–DENT DENTAL LABORA-TORIES, INC., Plaintiff-Appellee,

v.

CERTIFIED ALLOY PRODUCTS, INC., Defendant,

Unigard Mutual Insurance Company, Intervener-Appellant.

No. 93, Docket 83–7731.

United States Court of Appeals, Second Circuit.

Argued Dec. 16, 1983.

Decided Jan. 13, 1984.

---

William M. Stewart, New York City, for plaintiff-appellee.

Thomas R. Newman, New York City (Siff & Newman, P.C., Earl J. McHugh, Lissa Griffin, New York City, of counsel), for intervener-appellant.

Before FEINBERG, Chief Judge, and FRIENDLY and OAKES, Circuit Judges.

FEINBERG, Chief Judge:

Unigard Mutual Insurance Company (Unigard), appeals from an order of the United States District Court for the Southern District of New York, David N. Edelstein, J., denying Unigard's motion to intervene pursuant to Fed.R.Civ.P. 24(a) and (b) in an action between plaintiff Restor-A-Dent Dental Laboratories, Inc. (Restor-A-Dent) and defendant Certified Alloy Products, Inc. (Certified). The stated purpose of Unigard's intervention is to propose interrogatories to the court for submission to the jury in the event that the jury returns a verdict for Restor-A-Dent. Unigard claims that it has the right to intervene under Rule 24(a), and in the alternative that the district court abused its discretion in denying permissive intervention pursuant to Rule 24(b). For reasons stated below, we affirm the order of the district court.

I.

In August 1982, Restor-A-Dent filed its complaint against Certified, consisting of three causes of action. The first alleges that Certified breached its contract with Restor-A-Dent by delivering defective alloy to be used in producing dental products, for which Restor-A-Dent claims damages of $216,068 for "loss of production time, including additional labor costs, overhead costs, etc., to reproduce its dental products...." The second cause of action seeks $319,500 in damages for loss of profits from the breach of contract and warranty of merchantability and fitness. The third cause of action alleges $1,509,860 in damages from the breach due to loss of accounts and loss of goodwill.

Unigard is Certified's general liability insurer. In that capacity, it has apparently retained counsel to represent Certified in

the action and has continued to provide a defense. However, according to the record before us, Unigard has informed Certified that while it will provide a defense to Certified, "it [does] not have any duty to indemnify Certified for intangible losses such as 'loss of production time, loss of profits, loss of accounts and loss of goodwill....'"

Restor-A-Dent's action against Certified proceeded in routine fashion with the parties engaging in, and apparently completing, discovery until June 1983 when the pre-trial order was due. At that time, Unigard moved to intervene under Rule 24(a) and (b), "for the limited purpose of submitting written interrogatories to [the] Court for submission to the jury, to be answered by the jury in the event that it returns a verdict awarding damages to plaintiff...." Unigard stated that under California law, which it alleges governs interpretation of the insurance policy, Unigard is obligated to pay only for "property damage" which does not include such items as loss of profits, loss of accounts and loss of goodwill. Since the allegedly non-covered items constituted some 90% of Restor-A-Dent's total demand of over $2,000,000 damages, Unigard contended that it was critical to "know with certainty the exact dollar amount of the damages assessed against Certified for which Certified claims to be entitled to indemnification from Unigard," in the event that the jury found for Restor-A-Dent. Unigard argued that a general verdict would make difficult, if not impossible, a precise determination as to the allocation of the jury's award and alleged that its intervention would not delay or impede the action. Unigard attached six suggested interrogatories with its motion, although it failed to furnish a copy of the insurance policy. The proposed interrogatories are reproduced in the margin.[1]

Defendant Certified took the position that if the disputed claims were to go to the jury at all, the suggested interrogatories "may be proper." Plaintiff Restor-A-Dent opposed the motion to intervene, arguing that Unigard knew of the lawsuit almost from its inception since it was defending Certified, yet had remained silent until all discovery was completed and the pre-trial order submitted. Restor-A-Dent also claimed that it would be "grossly" prejudiced if intervention were permitted since if "special interrogatories are added to the list of items that the jury must address ... the burden to reach a just verdict will become excessive, falling entirely on the shoulders of the plaintiff."

By endorsement dated August 5, 1983, the district judge denied Unigard's motion to intervene. The decision was based on the tardiness of Unigard's motion and the burden that the judge thought intervention would place on Restor-A-Dent. Unigard appealed, and moved in this court to have the trial stayed pending appeal and the appeal expedited. A panel of this court denied the motion in September 1983, and we are informed that the case presently awaits trial. On appeal, Unigard contends that the district court erred in not allowing intervention under either subsection (a) or subsection (b) of Rule 24. We consider first Unigard's contentions as to the former, which deals with intervention as of right.

1. If the jury finds that plaintiff, Restor-A-Dent, is entitled to damages, then the jury shall answer the following questions, in writing.

WITH RESPECT TO THE "FIRST CAUSE OF ACTION"

(1) How much, if any, of plaintiff's damage is attributable to loss of production time?

(2) How much, if any, of plaintiff's damage is attributable to additional labor costs?

(3) How much, if any, of plaintiff's damage is attributable to overhead costs?

WITH RESPECT TO THE "SECOND CAUSE OF ACTION"

(4) How much, if any, of plaintiff's damage is attributable to the loss of profits in the sale of its dental products to laboratories?

WITH RESPECT TO THE "THIRD CAUSE OF ACTION"

(5) How much, if any, of plaintiff's damage for loss of profits is attributable to the loss of accounts?

(6) How much, if any, of plaintiff's damage for loss of profits is attributable to the loss of goodwill?

## II.

■ Under Rule 24(a)(2), which is reproduced in the margin,[2] an intervener must show that: (1) the application is timely; (2) "the applicant claims an interest relating to the property or transaction which is the subject matter of the action. . . ."; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party. See *United States Postal Service v. Brennan,* 579 F.2d 188, 191 (2d Cir.1978).

As to requirement (1), Unigard argues that it seeks to intervene only after a general verdict for plaintiff, should there be one, and that the trial had not yet begun nor had the pre-trial order been entered when it made its motion. As to requirements (3) and (4), Unigard points out that if the jury returns only a general verdict for plaintiff in the action, it will be extremely difficult, if not impossible, for Unigard or anyone else to determine exactly what items the jury's award took into account. Moreover, the parties to the case may not desire any clarification of the award: Restor-A-Dent has already indicated its opposition to interrogatories, and Certified, as the insured, may have no real interest in clarifying the extent to which it must pay Restor-A-Dent's damages out of its own pocket rather than looking to its insurer. We are willing to assume arguendo, therefore, that on these facts the critical inquiry regarding Unigard's right to intervene under Rule 24(a)(2) is whether Unigard has an interest relating to the property or transaction which is the subject matter of the action.

The term "interest" in this context defies a simple definition. See *Vazman, S.A. v. Fidelity International Bank,* 418 F.Supp. 1084, 1085 & n. 1 (S.D.N.Y.1976); Shapiro, Some Thoughts on Intervention Before Courts, Agencies and Arbitrators, 81 Harv. L.Rev. 721, 740 (1968) (Shapiro). Before the 1966 amendment, Rule 24(a) allowed intervention as of right only where the applicant "is or may be bound by a judgment in the action" or where the "applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof." See original Rule 24(a)(2) and (3), 28 U.S.C. app. at p. 2624 (1940). Clearly, the 1966 amendment was intended to expand the right to intervene beyond those situations. See Fed.R.Civ.P. advisory committee note to 1966 amendment, 28 U.S.C. app. at pp. 432–33 (1976). However, as another court has aptly observed, "the amendments made the question of what constitutes an 'interest' more visible without contributing an answer." *Smuck v. Hobson,* 408 F.2d 175, 178 (D.C.Cir.1969) (in banc).

In discussing "interest" in the context of intervention as of right, the Supreme Court has stated that the interest must be "significantly protectable." See *Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971); see also *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.,* 386 U.S. 129, 154, 87 S.Ct. 932, 946, 17 L.Ed.2d 814 (1967) (Stewart, J., dissenting) (applicant must "have an 'interest' in the litigation sufficiently direct and immediate to justify his entry as a matter of right"). Moreover, it is said that such an interest must be direct, as opposed to remote or contingent. See, e.g., *Airline Stewards and Stewardesses Ass'n v. American Airlines, Inc.,* 455 F.2d 101, 105 (7th Cir. 1972); *In re Penn Central Commercial Paper Litigation,* 62 F.R.D. 341, 346–47 (S.D. N.Y.1974), aff'd without opinion, 515 F.2d 505 (2d Cir.1975); 3B Moore, Moore's Federal Practice ¶ 24.07[2] at 24–59 (2d ed. 1982).

**2.** Rule 24(a)—*Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action:

. . . . .

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

These definitions are, of course, imprecise, but it is difficult to be more than general in stating criteria designed to cover the multitude of possible intervention situations, see authorities collected in 3B Moore, supra, ¶ 24.07[2] at 24–54–62; see also Shapiro, supra, at 729–40. For a number of reasons, we do not believe that Unigard meets the requirements of the Rule. First, the transaction that is the subject matter of the action is Certified's delivery of allegedly defective alloy to Restor-A-Dent for the latter's use in producing dental products; this, in turn, led to Restor-A-Dent's claim for damages against Certified for breach of contract. Unigard's interest, on the other hand, is in the amount it will have to pay Certified if Restor-A-Dent wins. Accordingly, Unigard does not have an interest in the subject matter of the action between Restor-A-Dent and Certified. Cf. *Crown Financial Corp. v. Winthrop Lawrence Corp.*, 531 F.2d 76, 77 (2d Cir.1976) (per curiam) (purchaser of land with lien has no interest in underlying action in which judgment against the seller's receiver was secured). In addition, the interest asserted by Unigard depends upon two contingencies. The first is a jury verdict for Restor-A-Dent, for only then will the question of Unigard's liability become relevant. The second contingency is a finding in litigation not yet even commenced between Unigard and Certified that Unigard is not responsible for indemnification of certain types of losses under the terms of the policy. See *Liberty Mutual Insurance Co. v. Pacific Indemnity Co.*, 76 F.R.D. 656, 658–60 (W.D. Pa.1977) (plaintiff in underlying personal injury action cannot intervene as of right in declaratory judgment action between insurers since plaintiff has not yet recovered judgment and because contested issues of fact must be resolved in his favor before he can recover); see also *In re Penn Central Commercial Paper Litigation*, supra (interest contingent upon certain events occurring and certain findings being made); [3]

but cf. *SEC v. Flight Transportation Corp.*, 699 F.2d 943, 948 (7th Cir.1983) ("intervention as of right may be based upon an interest which is contingent upon" occurrence of three events).

Unigard has not cited any case where an insurance company has been allowed to intervene as of right for the purpose of proposing interrogatories for submission to the jury, though Unigard's counsel informed us at oral argument of an article urging use of this procedure. See Williamson, Intervention by Insurers to Avoid Liability for Uncovered Claims, 25 For the Defense 19 (Feb. 1983) (Defense Research Institute) (Williamson). However, we are not persuaded by the cases cited by Unigard and Williamson, supra, at 21–22, that Unigard has a right to intervene under Rule 24(a). In *McDonald v. Lavino*, 430 F.2d 1065, 1071 (5th Cir.1970), the Fifth Circuit reversed a district court for refusing to allow a workmen's compensation carrier to intervene under Rule 24(a) one day after the employee had obtained a judgment against a third-party tortfeasor, but the carrier there had a "subrogation interest" in any recovery on the judgment because of the sums it had already paid the employee. Such an interest is more direct than the contingent interest asserted by Unigard. In *Lawrence v. Burke*, 6 Ariz.App. 228, 431 P.2d 302 (1967), an insurance company intervened to set aside a default judgment which would otherwise be binding on it. Similarly, in *Roach v. Churchman*, 457 F.2d 1101, 1104 (8th Cir. 1972), an insurer had been allowed by the district court to protest a consent judgment which might have made it liable, and the circuit court, in passing, characterized the district court's action as "equivalent" to authorizing the insurer's intervention under Rule 24(a). In these latter two cases, unlike the case before us, the intervener was already in the position of being directly affected by the litigation. The case relied on most heavily by Unigard and Williamson, supra, for the proposition that Unigard

---

**3.** Compare with *Tatum v. Cardillo*, 11 F.R.D. 585 (S.D.N.Y.1951) (single contingency of liability in main action); *United States v. C.M. Lane Lifeboat Co., Inc.*, 25 F.Supp. 410 (E.D.N.Y.1938) (same), aff'd, 118 F.2d 793 (2d Cir.), petition for cert. dismissed, 314 U.S. 579, 62 S.Ct. 124, 86 L.Ed. 469 (1941).

has a right to intervene under Rule 24(a) for the limited purpose that Unigard seeks, states that the applicant was "without a meritorious claim under Rule 24(a)...." *Plough, Inc. v. International Flavors and Fragrances, Inc.,* 96 F.R.D. 136 (W.D.Tenn. 1982) (but allowing intervention under Rule 24(b)).[4]

We conclude that Unigard did not satisfy the requirement of Rule 24(a)(2) that it "claims an interest relating to the property or transaction which is the subject of the action...." We do so fully aware that the precedents in support of this view are less than overwhelming. Indeed, *Plough* is the only case we have found that is directly on point, and the ruling denying intervention as of right there is stated in merely conclusory fashion. We are frank to admit that we are also influenced here by practical considerations that seem significant. A refusal to find a right under Rule 24(a) still leaves open the possibility in an appropriate case of permissive intervention by an insurer under Rule 24(b) for the purpose sought here, while a contrary holding would open the door wider to such intervention regardless of any unfortunate effect on the course of the main action. Moreover, a variety of factors properly bear on whether the type of intervention sought here should be allowed, see Shapiro, supra, at 740, and the trial judge's determination should ordinarily be accorded great weight. Application of subsection (b) of Rule 24 rather than subsection (a) recognizes these considerations, in view of the explicit emphasis in the former on undue delay or prejudice in the main action, as will be seen below. Cf. Shreve, Questioning Intervention of Right—Toward a New Methodology of Decisionmaking, 74 Nw.U.L.Rev. 894, 913–16 (1980).

## III.

■ We turn next to whether the district court erred in denying Unigard's motion to intervene under Rule 24(b)(2). That subsection, which is reproduced in relevant part in the margin,[5] permits intervention when "an applicant's claim or defense and the main action have a question of law or fact in common." The Rule goes on to state that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." It seems clear that the same fact question—the amount of monetary loss sustained for each type of damage claimed—is at issue in the main action and in the coverage dispute between Unigard and Certified. The critical issue here is whether the district judge abused his discretion.

A district court's discretion under Rule 24(b) is broad. See *SEC v. Everest Management Corp.,* 475 F.2d 1236, 1240 (2d Cir. 1972). The judge gave as the sole ground for denying intervention that plaintiff Restor-A-Dent "should not be burdened at this late stage in the litigation with the responsibility of introducing the evidence that will settle the potential differences between" Certified and Unigard. Were this the only reason for denying intervention that appears from the record, we would find that the trial judge abused his discretion in denying permissive intervention because it is quite clear from the pre-trial order that plaintiff has prepared the evidence referred to by the judge and would not be prejudiced on this account by the "late" motion. How-

---

**4.** *Knapp v. Hankins,* 106 F.Supp. 43, 47–48 (E.D.Ill.1952), and *Quentin v. Henderson,* 110 N.Y.S.2d 561 (N.Y.Sup.Ct.1951), also relied on by appellant, allowed an insurance company to intervene to obtain a declaratory judgment and to move for a stay, respectively, but in the context of a claim by the insurer that it should not have to defend the insured at all in the main action.

**5.** Rule 24(b)—*Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action:

. . . . .

(2) when an applicant's claim or defense and the main action have a question of law or fact in common.

. . . . .

In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

ever, there are other significant considerations.

This is not a case in which the insurer has any great need for the relief sought. Restor-A-Dent alleges three causes of action. The first seeks $216,068 in damages for "loss of production time, including additional labor costs, overhead costs, etc., to reproduce its dental products . . . ."; the second seeks $319,500 in lost profits in the sale of its dental products; and the third seeks $1,509,860 for loss of profits as a result of the loss of accounts and goodwill. Unigard's claim with respect to the insurance policy is that it would not be liable to Certified at all on the second and third causes of action alleging loss of profits, and that it is liable for only part of the first. If the judge requires a separate verdict as to each cause of action, as he presumably will, Unigard's concern is substantially reduced to the sole element of the first cause of action, "loss of production time," as to which it disputes coverage.

Also, there is no assurance that permitting Unigard to intervene would not unduly delay the main action. In addition, Unigard may object to the court's failure to submit to the jury its proposed interrogatories or to the way these interrogatories are framed by the court, and may appeal, if unsuccessful. While it is highly unlikely that such an appeal would be successful in view of a district court's broad discretion in this context, nevertheless the possibility of this complication of the main action remains. Cf. *Cann v. Ford Motor Co.*, 658 F.2d 54, 58 (2d Cir.1981), cert. denied, 456 U.S. 960, 102 S.Ct. 2036, 72 L.Ed.2d 484 (1982).

Moreover, unlike the situation in *Plough,* supra, Certified is represented not by its own counsel, but by counsel supplied by its insurer. Allowing the insurer to intervene even for limited purposes might, as a practical matter, deter a settlement and may well exacerbate a potential conflict of interest for the attorney furnished by Unigard to represent Certified. Moreover, Unigard failed to submit the disputed insurance policy to the district court. As Restor-A-Dent pointed out in stressing this deficiency below, the policy would have enabled the court to determine whether "there is a legitimate controversy" between the insurer and its insured or "whether this is merely a tactical move" to affect settlement talks or the outcome of the action. We could, of course, condition reversal on Unigard's satisfying the district court in this regard, but we see no persuasive reason to relieve Unigard of the consequences of its failure, particularly when the case is ready for trial.

Under all of these circumstances, we cannot say that the district judge abused his discretion here.[6] On the other hand, in view of the economy of time and effort inherent in the use of interrogatories in this situation, it would likewise not have been an abuse of discretion had the trial judge permitted the insurer to intervene under Rule 24(b)(2) for the limited purpose of proposing interrogatories to the court for submission to the jury. We hold only that the court did not abuse its broad discretion in refusing to follow that course.[7]

The order of the district court denying Unigard's motion to intervene pursuant to Fed.R.Civ.P. 24(a) and (b) is affirmed.

---

**6.** Professor Maurice Rosenberg, in a perceptive article on judicial discretion, disapproves of the term:

> The phrase "abuse of discretion" . . . is used to convey the appellate court's disagreement with what the trial judge has done, but does nothing by way of offering reasons or guidance for the future. The phrase . . . does not communicate meaning. It is a form of ill-tempered appellate grunting and should be dispensed with.

Rosenberg, Judicial Discretion of the Trial Court, Viewed from Above, 22 Syracuse L.Rev. 635, 659 (1971). But, as a member of this panel has pointed out, the phrase is now "so embedded in hundreds of decisions, as well as in statutes, that we cannot just wish it away." Friendly, Indiscretion About Discretion, 31 Emory L.J. 747, 762–63 (1982) (footnote omitted).

**7.** Of course, nothing we have said prevents the district judge from submitting the proposed interrogatories in this case to the jury.