David DIXON, on behalf of himself and all others similarly situated, Plaintiff,

and

Dominga Carrasquillo, Ophelia Casey, Ricardo Ramirez, Helen Spires and Joanne Lockett, Proposed Plaintiff-Intervenors,

and

The State of New York and Cesar Perales, as Commissioner of the New York State Department of Social Services, Proposed Plaintiff-Intervenors,

v.

Margaret M. HECKLER, as Secretary of the Department of Health and Human Services, Defendant.

No. 83 Civ. 7001(MEL).

United States District Court, S.D. New York.

June 22, 1984.

**48.** *See* Affidavit of Nancy Morawetz, dated January 26, 1984.

John E. Kirklin, Director of Litigation, David Goldfarb, Arthur J. Fried, Conrad A. Johnson, The Legal Aid Society, New York City, for plaintiffs and individual proposed intervenors; Nancy Morawetz, Civ. Appeals and Law Reform Unit, Jon Dubin, Ian Feldman, Stephen J. Loffredo, The Legal Aid Society, New York City, of counsel.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for proposed plaintiff intervenors The State of N.Y. and Cesar Perales; Melvyn R. Leventhal, First Deputy Asst. Atty. Gen., Paul A. Glickman, Mary Fisher Bernet, Asst. Attys. Gen., New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Susan E. Harkins, Asst. U.S. Atty., New York City, Tamar Klein, Asst. Regional Atty., Dept. of Health and Human Services, Brooklyn, N.Y., of counsel.

LASKER, District Judge.

This memorandum addresses motions to intervene by Dominga Carrasquillo, Ophelia Casey, Ricardo Ramirez, Joanne Lockett, Helen Spires, the State of New York, and Cesar Perales, as Commissioner of the New York State Department of Social Services. The subject of this action, a challenge to the legality of the standards by which claims for disability benefits are evaluated, is described in a separate opin-

ion issued this date on plaintiff's motion for a preliminary injunction and class certification.[1]

## I.

 Dominga Carrasquillo, Ophelia Casey, Ricardo Ramirez, Joanne Lockett, and Helen Spires, all of whom have been denied disability benefits on the ground that their impairments are not severe, move to intervene pursuant to Rule 24(b)(2) of the Federal Rules of Civil Procedure. Rule 24(b)(2) authorizes permissive intervention where the intervenor's claim and the main action "have a question of law or fact in common." The Secretary of Health and Human Services (the "Secretary") consents to the intervention of Carrasquillo, Casey and Ramirez, and accordingly the motion is granted as to them. The Secretary objects, however, to the intervention of Lockett and Spires, on the grounds that Lockett has not sought Appeals Council review of the ALJ's decision and therefore is barred from pursuing her claim, and that Spires does not reside in this district.

In response, Lockett's legal representative has submitted an affidavit stating that an appeal was filed and that she has had communications with the Appeals Council which confirm this.[2] The Secretary now states that SSA is reviewing its records to verify Lockett's appeal. Accordingly, Lockett's motion to intervene is granted, without prejudice to the Secretary's right to move to dismiss at a later date if the facts warrant.

The motion to intervene is denied as to Spires. Even if the incorrect venue of her claim is not an automatic bar, intervention is unwarranted because her case has now been remanded for rehearing pursuant to

the decision in *City of New York v. Heckler*, 578 F.Supp. 1109 (E.D.N.Y.1984).[3]

## II. The State of New York and the Commissioner of the New York State Department of Social Services

The State of New York and Cesar Perales, Commissioner of the New York State Department of Social Services of the State of New York (together, the "State"), move to intervene as of right as plaintiffs, pursuant to Fed.R.Civ.P. 24(a), on the grounds that they have a direct interest in plaintiffs' challenge to the severity regulation and that the disposition of the action may impair or impede their ability to protect that interest. Alternatively, they seek permissive intervention pursuant to Fed.R. Civ.P. 24(b), on the grounds that they are charged with administering the challenged standards and that their proposed complaint raises similar questions of law and fact to those raised by the plaintiffs.

Cesar Perales (the "Commissioner") is responsible for administering the New York State Office of Disability Determinations ("ODD"), which, under an agreement between the State and the Secretary, makes the initial determination of whether an individual is disabled for the purposes of the federal Supplemental Security Income ("SSI") and Old Age Survivors and Disability Insurance ("OASDI") programs. ODD is required to comply with all federal regulations and all applicable rules, written guidelines and instructional materials issued by the Secretary.[4] The Secretary reviews case samples from ODD. If the Secretary finds that ODD is not determining disability applications in a manner consistent with her rules and regulations, she may terminate the state's authority to

---

**1.** This action has been consolidated with Nos. 83 Civ. 8609 (*Feliciano v. Heckler*), 83 Civ. 8264 (*Terez v. Heckler*), and 84 Civ. 0110 (*Gonzalez v. Heckler*), all of which assert class allegations challenging the same regulations and policies challenged in the instant case, 589 F.Supp. 1494.

**2.** Affidavit of Dolores Britt, dated March 20, 1984.

**3.** Although Spires continues to press her motion for intervention on the ground that *City of New*

*York* did not address the validity of the severity regulation, we perceive no basis for permitting her intervention in view of the complications that are likely to arise from the fact that her case is already on remand. Insofar as she has an interest in the legality of the severity regulation, her membership in the plaintiff class will adequately protect that interest.

**4.** 42 U.S.C. § 421(a)(2); 20 C.F.R. § 404.1603(a) and 416.1003(a) (1983).

make disability determinations, and assume responsibility for New York claims herself.[5]

To intervene as of right under Rule 24(a)(2), an intervenor must show that

"(1) the application is timely; (2) 'the applicant claims an interest relating to the property or transaction which is the subject matter of the action....'; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party."

*Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 874 (2d Cir.1984). The major point of dispute on this motion is whether the State's interest in the subject matter of the action is adequate to support intervention as of right. The State intervenors argue that they have a sufficient interest because (1) the Secretary's use of the severity regulation forces the State to choose between making disability determinations based on standards they believe to be unlawful, or incurring severe administrative sanctions, including possible takeover of their program by the Secretary, if they refuse to follow those standards; (2) the Secretary's denial of disability benefits to New York residents increases the costs of state and local public assistance programs; (3) the State has a *parens patriae* interest in the health and economic welfare of its citizens.

The Secretary answers that none of the asserted interests is sufficient to confer standing on the State to challenge the Secretary's regulations under Fed.R.Civ.Pr. 24(a)(2). In particular, the Secretary contends that (1) the possibility that New York's disability program will be taken over by the Secretary if the State refuses to follow the Secretary's regulations is too contingent to support intervention, and in any event the State's participation is voluntary and therefore it is not being required to administer regulations it believes to be illegal; (2) the increased burden on state public assistance programs caused by deni-

als of federal disability benefits does not create a protectable interest because the OASDI and SSI programs are not intended to ease the financial burden of state public assistance programs; and (3) a state is without standing as *parens patriae* to bring an action based on federal law against the federal government.

■ If any one of the interests asserted by the State is adequate to support intervention, then this aspect of the test for intervention as of right is satisfied. The "interest" required under Rule 24(a), as the Court of Appeals has stated "defies a simple definition," but must be one which is " 'significantly protectable' " and is "direct, as opposed to remote or contingent." *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 874 (2d Cir.1984), *quoting Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971).

■ The first interest asserted by the State arises out of its responsibility for making disability determinations and the threat of a possible federal take-over of the State's program if it refuses to follow regulations it believes to be illegal. Such an interest appears more than adequate to support intervention. The possibility of a federal assumption of the State's program cannot be considered excessively remote and contingent in light of the Secretary's previous threats to institute precisely such a takeover when the State has resisted other aspects of the Secretary's regulations which the State believes to be illegal.[6] The fact that the State's participation in the disability benefits program is voluntary, moreover, does not constitute a basis for concluding that the State has no interest in applying lawful rather than unlawful standards in making benefits determinations. The conflict between the State's duty to follow the Social Security Act, and its duty to follow the Secretary's regulations, creates a dilemma for the State which is sufficiently real to justify its intervention in this lawsuit. *Cf. City of New York v. Richardson*, 473 F.2d 923 (2d Cir.1973) (city offi-

---

5. 42 U.S.C. § 421(b)(1); 20 C.F.R. §§ 404.1670–75 and 416.1070–75 (1983).

6. *See* Affidavit of Nelson Weinstock, dated April 26, 1984, ¶ 8.

cials have standing to challenge a state statute alleged to be in conflict with the United States Constitution).

 The State also relies upon its economic interest in the proper administration of the federal disability programs, contending that disabled individuals who are denied benefits because of the Secretary's unlawful regulations are compelled to turn to state and local public assistance programs upon which they would otherwise not have to depend. The Secretary does not argue that this burden is insubstantial, but that it is not a legally cognizable interest because the federal disability programs are intended only to benefit disabled individuals, not to ease the state's public assistance costs. However, as Judge Weinstein specifically held in *City of New York v. Heckler,* 578 F.Supp. 1109 (E.D.N.Y. 1984), the legislative history of the SSI and OASDI programs shows that one of Congress' express purposes in establishing the programs was in fact "to relieve state and local governments of the soaring costs of the existing programs." *Id.* at 1121. We find Judge Weinstein's analysis persuasive, and for the reasons stated in his opinion conclude that the State's economic interest in the proper administration of federal disability benefits is adequate to support intervention.[7]

In light of the conclusions reached above, we need not resolve the rather complex question of whether the State also has an interest warranting intervention by virtue of its *parens patriae* interest in the health and economic welfare of its citizens. *Compare City of New York v. Heckler, supra,* 578 F.Supp. at 1122–23, *with Alfred L. Snapp & Son, Inc. v. Puerto Rico,* 458 U.S. 592, 610 n. 16, 102 S.Ct. 3260, 3270 n. 16, 73 L.Ed.2d 995 (1982).

 The State's satisfaction of the remaining requirements for intervention as of right are not significantly in doubt. The motion to intervene was made approximately two months after the amended complaint was filed, prior to oral argument of the motion for preliminary relief, and is timely. Moreover, although the State shares a similar objective to that of the plaintiffs— namely, to enjoin the Secretary's use of the severity regulation—the State has some interests in the litigation which are not shared by plaintiffs, and which therefore are not "adequately represented by existing parties." (Fed.R.Civ.Pr. 24(a)). As the State points out, it has an interest in attempting to assure, should it prevail in this action, that the Secretary provides administrative funds to the State to permit compliance with the judgment, along with the appropriate instructions and guidelines to ODD personnel for applying any revised standards for disability determinations.

For these reasons, we conclude that the State intervenors are entitled to intervention as of right under Fed.R.Civ.Pr. 24(a).

\* \* \*

The motions to intervene are granted. It is so ordered.

---

**7.** *See also Abrams v. Heckler,* 582 F.Supp. 1155 (S.D.N.Y.1984); *New York v. Schweiker,* 557 F.Supp. 354, 358 (S.D.N.Y.1983); *but see Doe v. Heckler,* 568 F.Supp. 681, 683 (D.Md.1983).

The parties have phrased their arguments in terms of the requirements for intervention, rather than in terms of standing. We note that, for the same reasons that support the State's right to intervene, the State has standing to challenge the Secretary's policies. *See generally Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).