**Gail GREENIDGE and Geary Greenidge, Plaintiffs,**

Taniya Seay, an infant by her mother and natural guardian, Denaki Seay, Applicant for Intervention–Appellant,

v.

ALLSTATE INSURANCE CO. Defendant–Appellee.

No. 03–7563.

United States Court of Appeals, Second Circuit.

Dec. 11, 2003.

Howard Eison, Sanders, Sanders, Block & Woycik, P.C., Mineola, NY, for Appellant.

Beth Shapiro, Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox, LLP (Barry I. Levy), New York, NY, for Appellee, of counsel.

PRESENT: CARDAMONE, SACK, and GIBSON,* Circuit Judges.

## SUMMARY ORDER

Taniya Seay, an infant injured by lead poisoning as a result of ingesting paint chips and dust from an apartment owned by Gail and Geary Greenidge and insured by Allstate Insurance Company ("Allstate"), brought an action against the Greenidges in New York state court. After Allstate refused to settle, Seay recovered a damages award substantially in excess of the Greenidges' insurance coverage. The Greenidges subsequently instituted a suit against Allstate in New York state court for bad faith refusal to settle, and the suit was removed to the District Court for the Southern District of New York based on diversity of citizenship. Before discovery began, Seay moved to intervene as a plaintiff in the action in order to protect her interest, as judgment creditor of the Greenidges, in the outcome of the action. Seay moved both for intervention as a matter of right, Fed.R.Civ.P. 24(a)(2), and for permissive intervention, Fed.R.Civ.P. 24(b)(2). The district court denied Seay's motion in full.

A motion to intervene as of right pursuant to Rule 24(a)(2) must be granted if the applicant (1) timely files an application, (2) shows an interest in the action, (3) demonstrates that the interest may be impaired, and (4) shows that the interest is not adequately protected by the parties to the

* Of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

action. *New York News, Inc. v. Kheel,* 972 F.2d 482, 485 (2d Cir.1992). Moreover, the "interest" asserted must be "direct," as opposed to "contingent." *Restor–A–Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.,* 725 F.2d 871, 874 (2d Cir. 1984). If any one of these four elements is lacking, the application for intervention as of right may be denied. *In re Bank of New York Derivative Litig.,* 320 F.3d 291, 300 (2d Cir.2003). The district court based its decision to deny Seay's motion on its conclusions that prongs (2) and (4) of *Kheel*'s gloss of the rule were not met.

We review a district court's denial of a motion to intervene, whether as of right or by permission, for abuse of discretion. *In re Holocaust Victim Assets Litig.,* 225 F.3d 191, 197 (2d Cir.2000). Although we have some doubt about the correctness of the district court's conclusion that the appellant's interest in this case was contingent rather than direct, we conclude, upon a review of the record, that the district court did not abuse its considerable discretion in ruling that the Greenidges adequately represented Seay's interest in the litigation. This finding of adequate representation, standing alone, is sufficient to support the district court's denial of Seay's motion.

In light of the standard of review for permissive intervention coupled with the non-mandatory language of Rule 24(b)(2), we also conclude that the district court did not abuse its discretion in ruling against the appellant's application for permissive intervention.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.