The **BRIDGEPORT GUARDIANS,**
Plaintiffs,

v.

Arthur J. **DELMONTE,**
et al., Defendants.

No. CIV.5:78 CV 175(JBA).

United States District Court,
D. Connecticut.

March 4, 2005.

Richard Herlihy, Shelton, CT, pro se.

Thomas D. Flynn, Bridgeport, CT, pro se.

Angela Carol Robinson, Antonio Ponvert, III, Joan C. Harrington, Michael P. Koskoff, Vincent M. Musto, Koskoff, Koskoff & Bieder, P.C., Bridgeport, CT, Joel Thomas Faxon, Stratton Faxon, New Haven, CT, Carolyn Roberts Linsey, Owens, Schine & Nicola, Trumbull, CT, Raymond W. Ganim, II, Law Offices of Raymond W. Ganim, for Plaintiffs.

H. Jeffrey Beck, Bridgeport, CT, for Petitioner.

William B. Barnes, Rosenstein & Barnes, Fairfield, CT, for Intervenor Plaintiffs.

Arthur C. Laske, III, Mark T. Anastasi, Melanie J. Howlett, Melanie J. Howlett, City of Bridgeport, Office of the City Attorney, Raymond B. Rubens, Thomas K. Jackson, Thomas F. Maxwell, Jr., Robert Burdette Mitchell, Pullman & Comley, Bridgeport, CT, Bernard E. Jacques, Pepe & Hazard, Dana R. Baughns, Donald C. Mahoney, Updike, Kelly & Spellacy, P.C., Hartford, CT, Sandra P. Lax, John Patrick Bohannon, Jr., Fairfield, CT, Stephen F. Donahue, Kleban & Samor, Pc, Southport, CT, Harry B. Elliott, Jr., AFSCME Council 15 Legal Dept., Meriden, CT, Diane Benevides, Rhode Island Office of the Attorney General, Providence, RI, John J. Kelly, Jr., Cantor, Floman, Gross, Kelly, Amendola & Sacramone, Orange, CT, for Defendants.

*Ruling on Motion of Bridgeport Police Union To Be Joined As Party Defendant [Doc. # 1295] and Motion for Extension of Time [Doc. # 1296]*

ARTERTON, District Judge.

The Bridgeport Police Union ("Union"), AFSCME, Council 15, Local 1159, AFL–CIO, seeks to join this ongoing litigation as a defendant for the purpose of objecting to the Special Master's recommendations concerning employee rotation. While the Union's motion invokes, alternatively, Federal Rules

of Civil Procedure 19, 20 and 22,[1] its Memorandum of Law correctly states that the Union seeks to intervene pursuant to Rule 24. The Union's motion is not opposed. Thus, for the reasons stated below, the motion will be granted, conditioned on the Union being a defendant for all purposes, not solely for the limited purpose of objecting to the Special Master's recommended ruling on rotations.

## I. STANDARD

■■■ Rule 24(a) provides for intervention of right upon a timely filed motion "(1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R.Civ.P. 24(a). As stated by the Second Circuit, "[t]o intervene as of right, a movant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Brennan v. N.Y. City Bd. of Educ.*, 260 F.3d 123, 128–29 (2001) (internal quotation marks and citation omitted). Under the second prong of the test, for "an interest to be cognizable . . . it must be direct, substantial, and legally protectable. An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir.2001) (internal quotation marks and citations omitted); *see also Restor–A–Dent Dental Labs., Inc. v. Cert. Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir.1984). A party seeking to intervene, however, need not have an independent cause of action to be considered to have an interest within the scope of Rule 24(a). *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 530, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972); *Forest Conserv. Council v. United States Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir.1995) ("Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry. No specific legal or equitable interest need be established.") (internal quotation marks and citations omitted). The party must show only an interest within the context of the case, and, as required by the third prong of the test, demonstrate that its interest may be impaired by an adverse decision in the case. *Brennan*, 260 F.3d at 132. Under the fourth prong, representation by an existing party is determined to be adequate only if the party's "interests [are] so similar to those of [the intervenor] that adequacy of representation [is] *assured.*" *Id.* at 133 (emphasis added).

■■■ Rule 24(b) provides for permissive intervention, in the discretion of the district court, and upon a timely filed motion, "(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b). The principal consideration for the court in exercising its discretion is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

■■■ When granting either permissive intervention or intervention of right, the district court has discretion to set such limits or "conditions [as are] necessary to 'efficient conduct of the proceedings.'" *Ionian Shipping Co. v. British Law Ins. Co.*, 426 F.2d 186, 191–92 (2d Cir.1970) (quoting 1966 Advisory Committee Notes to Fed.R.Civ.P. 24(a)). The Second Circuit has recognized that setting conditions on intervention is "a well-

---

1. Joinder is appropriate under Federal Rules of Civil Procedure 19–20 where a party seeks to join another who is not yet a party. Wright & Miller, *Fed. Prac. & Proced.*2d, §§ 1604, 1652. Joinder is inapplicable here because the Union itself seeks to become a party. Interpleader under Rule 22 "affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *Id.* at § 1704. Because this case does not implicate a limited fund or property, Rule 22 is inapplicable.

established practice." *Shore v. Parklane Hosiery Co., Inc.*, 606 F.2d 354, 356 (2d Cir.1979). Most commonly, district courts use this power to limit participation by the intervenor to certain issues or for certain purposes. *See* Wright & Miller, *Fed. Prac. & Proced.*2d § 1922.

## II. DISCUSSION

■ The Union moves to intervene both as of right under Rule 24(a) and permissively under Rule 24(b). The Court concludes that the Union's motion may be granted under both provisions.

As required by the first element under Rule 24(a), the Union timely filed its motion to intervene following issuance of the Special Master's Recommended Ruling re: Rotations [doc. # 1292]. As for the second element, the Union claims an interest in the action because: it is the exclusive collective bargaining representative for Bridgeport police officers; its collective bargaining agreement contains certain seniority provisions, including those requiring seniority-based bidding for assignment to specialized units such as Traffic, Mounted, Motorcycle, and K–9; and the Special Master's recommended ruling is claimed to impair the Union members' seniority rights insofar as it would require rotation of personnel through these units not on a seniority basis. In *Brennan*, 260 F.3d at 132, the Second Circuit held in a Title VII action that potential loss of employment seniority rights was an interest justifying intervention as of right under Rule 24(a). A consent decree had been entered, pursuant to which the Board was to "confer permanent civil service status" on certain minority probationary employees and provide "retroactive seniority" to another group of employees. *Id.* at 127. White male employees moved to intervene on the grounds that their interests were implicated because some of them would lose seniority rights under the consent decree. *Id.* The Second Circuit held that seniority was a "an interest relating to the property or transaction which is the subject of the action," within the meaning of Rule 24(a), and that "the effects of a loss of relative seniority rights should not be regarded as too speculative and remote to justify inter-

vention ...." *Id.* at 130, 132. Pursuant to *Brennan*, therefore, this Court finds that the Union has a "direct, substantial, and legally protectable" interest in the remedy recommended which may be impaired, *see Peoples Benefit,* 271 F.3d at 415, insofar as it implicates seniority rights of Bridgeport police officers represented by the Union.

Finally, the Union has stated sufficient reason to believe that its interests will not be adequately represented by the current parties to this action. The City's interest is in public safety and managerial efficiency; its interests do not necessarily align with those of the Union concerning pay, seniority, and assignments. The Guardians' interest is to remedy discrimination against minority employees in the BPD; they may not represent the interests of other Union members in the way that the Union would. Therefore, having met all four criteria, the Union is entitled to intervene as a matter of right under Rule 24(a).

The Union's expected defenses also contain common questions of law and fact to the claims raised by the parties. The Court finds that no party will be unduly delayed or prejudiced by the intervention of the Union. Thus the Union is entitled to permissive intervention under Rule 24(b).

■ The Union seeks intervention solely for the purpose of objecting to the Special Master's recommended ruling concerning rotations. Courts have the discretion to limit intervention to certain purposes or claims. *Shore v. Parklane Hosiery Co., Inc.*, 606 F.2d 354, 356 (2d Cir.1979). Within this power necessarily must lie the discretion to order an intervenor to remain a party for all purposes in a case. The Court will not, of course, require the Union to take a position on every issue, just as a party joined under Rule 20 "need not be interested in obtaining or defending against all the relief demanded" in a case. Fed.R.Civ.P. 20. However, in the interest of judicial efficiency, to eliminate further episodic motions to intervene from the Union only on selected issues, as have been made previously this case, the Union shall be made a defendant and docketed as such. To conserve resources, the Union may

seek excusal from future matters in which it claims no interest.

## III. CONCLUSION

Accordingly, the Union's motion to intervene is **GRANTED** and the Union is added as a defendant for all purposes in this case. The Union's Motion for Extension of Time to object to Master's Report [doc. # 1296] is **GRANTED** and its objection shall be filed by 3/22/05. An evidentiary hearing on the Recommended Ruling re: Rotations will be held 4/14/05 at 2:30 p.m. in Courtroom Two. A pre-hearing telephonic conference will be held 4/8/05 at 4:00 p.m. Attorney Howlett shall initiate the conference call. Chambers: 203–773–2456.

IT IS SO ORDERED.