11-0099-cv
St. John's University v. Leslie Trager

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of December, two thousand and eleven.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
>
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ST. JOHN'S UNIVERSITY, NEW YORK,

*Plaintiff-Appellee,*

v.                                                                      No. 11-0099-cv

SANFORD M. BOLTON, HYGROSOL PHARMACEUTICAL
CORP., SPIRIDON SPIREAS,

*Defendants,*

v.

LESLIE TRAGER,

*Putative Intervenor-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1

| FOR PLAINTIFF-APPELLEE: | MICHAEL J. KEANE (John Becker, *on the brief*), Garfunkel, Wild & Travis, P.C., Great Neck, NY. |
|---|---|
| FOR INTERVENOR-APPELLANT: | LESLIE TRAGER, *pro se* (Henry T. Berger, Law Office of Henry T. Berger, *of counsel*), New York, NY.[1] |

Appeal from a  December 10, 2010, memorandum and order entered in the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*) denying the motion of putative intervenor Leslie Trager to intervene.

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 10, 2010, order of the District Court be **AFFIRMED**.

Leslie Trager ("Trager") appeals from the memorandum and order of the District Court denying his motion to intervene in this action between St. John's University ("St. John's") and defendants Sanford Bolton ("Bolton"), a former St. John's professor, Spiridon Spireas ("Spireas"), a former St. John's graduate student, and Hygrosol Pharmaceutical Corp., the company Bolton and Spireas formed after departing from St. John's (jointly "defendants").

## BACKGROUND

In November 2008, Trager, a practicing attorney involved in an unrelated lawsuit against Bolton, approached St. John's and offered to provide it with information he had discovered that would purportedly support a breach-of-contract claim against the defendants.  Specifically, Trager claimed to have discovered that Bolton and Spireas had breached their respective agreements with St. John's to assign all discoveries, inventions, and patents to St. John's and to pay St. John's 30% of all money received from these discoveries, inventions, and patents.  Trager and St. John's subsequently entered into an agreement whereby Trager would receive 20% of the net funds received in the event that St. John's received any funds as a result of the information he provided. The agreement further provided that "St. John's is not obligated to pursue any information [Trager] provided."

St. John's commenced an action in New York's State Supreme Court against the defendants on November 18, 2008, which, after being removed to federal court, was amended to add claims of fraud, breach of contract, and breach of fiduciary duty.  The defendants subsequently moved to dismiss and St. John's opposed the motion.  Trager was dissatisfied with the handling of the opposition by St. John's outside counsel and wrote a letter to St. John's general counsel criticizing the arguments made and requesting that additional arguments be made.  After receiving a dismissive response from St. John's general counsel, Trager moved to intervene in the case on the

---

[1] The Clerk of Court is directed to amend the caption as shown above.

ground that "plaintiffs's [sic] attorneys are inadequately representing the interests of the movant [Trager]." The motion was opposed by both St. John's and the defendants.[2]

On December 10, 2010, the District Court issued a seventy-three page memorandum and order denying in its entirety the defendants' motion to dismiss. *See St. John's Univ., N.Y. v. Bolton*, 757 F. Supp. 2d 144 (E.D.N.Y. 2010). On the same day, the District Court issued a separate memorandum and order denying Trager's motion to intervene. *See St. John's Univ., N.Y. v. Bolton*, No. 08-cv-5039, 2010 WL 5186823 (E.D.N.Y. Dec. 10, 2010). The District Court denied Trager's motion to intervene as of right under Federal Rule of Civil Procedure 24(a) because his agreement with St. John's "does not create a direct, legally protectable interest in the action sufficient to satisfy Rule 24(a)" and because "[e]ven if Trager had an interest in the litigation as contemplated by Rule 24(a), he cannot intervene as of right because he has not shown that St. John's representation of that interest is inadequate." *Id.* at *3. The District Court further declined to grant permissive intervention under Rule 24(b). *Id.* at *3-4.

## DISCUSSION

We review a district court's denial of a motion to intervene for abuse of discretion. *United States v. City of New York*, 198 F.3d 360, 364 (2d Cir. 1999); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (alteration, citations, and quotation marks omitted)). "This standard reflects the view that district courts, due to their proximity to the dispute, usually have a better sense of the case's factual nuances upon which a motion to intervene often turns." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001). Upon a review of the record, we conclude that the District Court did not abuse its discretion and affirm the District Court's order for substantially the reasons stated in its well-reasoned opinion.

*1. Intervention as of Right*

In order to be entitled to intervene as of right under Rule 24(a)(2), "an intervenor must show that: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject matter of the action; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party." *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984) (internal quotation marks omitted). "All four parts of the test must be

---

[2] Although the defendants opposed Trager's motion to intervene in the District Court, they have not taken a position on this appeal.

satisfied to qualify for intervention as of right." *Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96 (2d Cir. 1990).

With respect to the second part of the test, we have held that "[a]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Id.* at 97. Given the facts in the record on appeal, we cannot conclude that the District Court abused its discretion in concluding that Trager does not have a direct, legally protected interest in the outcome of the underlying litigation sufficient to satisfy Rule 24(a), inasmuch as his interest is contingent both on St. John's prevailing in the underlying action and on his prevailing in a separate action to enforce the agreement, which St. John's disavows. *See Restor-A-Dent Dental Labs.*, 725 F.2d at 875 (affirming denial of motion to intervene where intervenor's interest was contingent both on defendant's prevailing in the underlying action and on the result of a separate not-yet-commenced lawsuit between intervenor and defendant regarding indemnification).

Even if Trager does have an interest sufficient to satisfy Rule 24(a), we agree with the District Court that this interest is adequately represented by St. John's, as evidenced not least by the fact that it successfully defeated defendants' motion to dismiss. St. John's and Trager share the same objective in the underlying litigation and we have previously stated that "when there is an identify of interest between a putative intervenor and an existing party to the action," a "presumption of adequate representation" attaches in the absence of "evidence of collusion, adversity of interest, nonfeasance, or incompetence." *Butler*, 250 F.3d at 180. Trager has made no such showing here.

Therefore, the District Court did not abuse its discretion in denying Trager's motion to intervene as of right under Rule 24(a).

*2. Permissive Intervention*

A district court has broad discretion under Rule 24(b) to determine whether to permit intervention on the basis that the intervenor's "claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2); *see Restor-A-Dent Dental Labs.*, 725 F.2d at 876. In the circumstances of this case, we cannot conclude that the District Court abused this broad discretion in declining to permit Trager to intervene.

4

**CONCLUSION**

We have reviewed all of Trager's arguments on appeal and find them to be without merit. Accordingly, the December 10, 2010, order of the District Court denying Trager's motion to intervene is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court