## STATE BOARD OF EDUCATION ET AL. *v.* CITY OF WATERBURY ET AL.
### (7324)

SPALLONE, DALY and NORCOTT, Js.

Argued January 2—decision released March 20, 1990

*Kenneth Kimerling,* with whom were *Philip D. Tegeler* and, on the brief, *Martha Stone,* for the appellants (Maloney School Parent Teachers Organization et al.).

*Louise Allen Brown,* assistant corporation counsel, with whom, on the brief, was *John F. Phelan,* assistant corporation counsel, for the appellees (named defendant et al.).

*David S. Doyle,* with whom, on the brief, was *Robert J. Crean,* for the appellee (defendant Waterbury Board of Aldermen).

NORCOTT, J. This is an appeal from the trial court's denial of the appellants' motion to intervene as plaintiffs in this case. The appellants are the Maloney School Parent Teachers Organization, an unincorporated association, and individual parents[1] in the Maloney School district in Waterbury. The appellants claim that the trial court erred in denying their motion to intervene as of right and, alternatively, for permissive intervention.

The appellants seek to intervene in a mandamus action brought by the original plaintiffs, the state board of education and the commissioner of the department of education, against the city of Waterbury, the mayor and the boards of aldermen and education. The underlying action arose from the plaintiffs' plan to desegregate the Maloney School, which was attended primarily by minority students and was found to be segregated within the meaning of General Statutes § 10-226b and § 10-226e-3 of the Regulations of Connecticut State Agencies, which is applicable to the state board of education. In November, 1984, the plaintiffs directed the city of Waterbury to submit a plan to desegregate the Maloney School.

In June, 1986, after many delays and extensions, the defendant city of Waterbury submitted a racial balance

[1] Those named appellant intervenors are as follows: Maloney School Parent Teachers Organization, Esteban Cardona, Maria Cordona, Mildred Rodriguez, Angela Gonzalez, Maribel Vargas, Noemi Alvares, Teofilo Alvarez and Francisco Melendez.

plan that called for the construction of a new school in the Maloney School district. Pursuant to this plan, the predominantly minority Maloney School and the predominantly nonminority Barnard School were to be closed, and the students from both schools were to be combined into the new school. The plaintiffs accepted the plan in October, 1986. Thereafter, the defendant board of aldermen declined to pass the bond issue necessary to purchase the site and to construct the new school. The plaintiffs, in response, finally brought the underlying mandamus action to compel the defendants to implement the approved plan and thereby to eliminate racial imbalance in Waterbury.

In May, 1988, the appellants moved to intervene as plaintiffs in the mandamus action. They attached to their motion a proposed complaint in which they sought a declaratory judgment, a temporary and permanent injunction and attorneys' fees. Their complaint also raised certain federal constitutional issues which were not a part of the plaintiffs' original complaint.[2] From the denial of their motion, the appellants appeal to this court.[3]

The appellants first contend that the trial court erroneously denied their motion to intervene because they should have been permitted to intervene as of right, and they cite General Statutes § 52-107 and Prac-

[2] The constitutional claims raised in the appellants' proposed complaint alleged that the defendants' failure to implement the racial balance plan violated their rights to equal protection under the fourteenth amendment to the United States Constitution and 42 U.S.C. § 1983.

[3] The threshold question in this appeal is whether the appellants have made a colorable claim to intervention as a matter of right. See *Rodia* v. *Tesco Co.,* 11 Conn. App. 391, 393, 527 A.2d 721 (1987). Because this test has been met; see *infra;* the denial of the appellants' motion to intervene is an appealable final judgment. *McClendon* v. *Soos,* 18 Conn. App. 614, 616–17, 559 A.2d 1163, cert. denied, 212 Conn. 808, 536 A.2d 1356 (1989); *Common Condominium Assn., Inc.* v. *Common Associates,* 5 Conn. App. 288, 290–92, 497 A.2d 780 (1985).

tice Book § 99[4] as authority for this position. The defendants maintain that the appellants have no right to intervene because (1) they have no interest in the subject matter of the underlying litigation, (2) the appellants' ability to protect their children's rights will be unaffected by any decision in this lawsuit, and (3) the plaintiffs adequately represent the interests of the appellant intervenors. We disagree.

Our Supreme Court has already determined that Practice Book § 99 provides for intervention as of right in Connecticut practice. *Horton* v. *Meskill,* 187 Conn. 187, 191, 445 A.2d 579 (1982); see also *Richard* v. *Stanadyne, Inc.,* 181 Conn. 321, 322 n.1, 435 A.2d 352 (1980). In our review of this case, we first note that the trial court failed to address the issue of whether the appellants were entitled to intervention as a matter of right pursuant to General Statutes § 52-107 and Practice Book § 99. The appellants moved for an articulation of the trial court's general denial of their motion to intervene, requesting that the court articulate "whether the court denied the motion to intervene as of right." In its memorandum of decision, the trial court

---

[4] General Statutes § 52-107 and Practice Book § 99 are almost identical and provide respectively:

"[General Statutes] Sec. 52-107. ADDITIONAL PARTIES MAY BE SUMMONED IN. The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that such other parties be brought in. If a person not a party has an interest or title which the judgment will affect, the court, on his application, shall direct him to be made a party."

"[Practice Book] Sec. 99. [ADDITION OR SUBSTITUTION OF PARTIES]— ADDITIONAL PARTIES SUMMONED IN BY COURT

"The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that they be brought in. If a person not a party has an interest or title which the judgment will affect, the court, on his motion, shall direct him to be made a party. (See Gen. Stat., § 52-107 and annotations.)"

reasoned that (1) the decision to grant or deny a motion to intervene is discretionary, (2) intervention is not routinely granted in a mandamus action, (3) the attorney general, acting for the plaintiffs, represents "all citizens of the state" with respect to the appellants' state and federal constitutional claims, (4) the applicants were not a necessary party to the case, and (5) the appellants failed to notify the court that their interests were not adequately represented by the plaintiffs and that the complaint did not include all necessary parties to the litigation.

By regarding the appellants' motion purely as a discretionary matter and in concluding as it did, the court ignored the appellants' claim that they were entitled to intervention as a matter of right pursuant to Practice Book § 99 and General Statutes § 52-107. There is no merit to the defendants' contention that by denying the appellants' permissive intervention, the trial court implicitly also denied their intervention as of right because the standards of the former are less restrictive than the latter. While it may be true that *permissive* intervention is not "routinely granted" in mandamus actions; see *Beccia* v. *Waterbury,* 185 Conn. 445, 455, 441 A.2d 131 (1982); we are not persuaded that intervention *as of right* is improper in a mandamus action such as this one.

The holding in *Horton* v. *Meskill,* supra, has made clear the previously unclear standards for intervention as of right. "An applicant for intervention has a right to intervene under Practice Book § 99 where the applicant's interest is of such a direct and immediate character that the applicant ' "will either gain or lose by the direct legal operation and effect of the judgment." ' *Bucky* v. *Zoning Board of Appeals,* [33 Conn. Sup. 606, 608, 363 A.2d 1119 (1976)]; *DeFelice* v. *Federal Grain*

*Corporation,* [12 Conn. Sup. 199, 201 (1943)]; see *Smith* v. *Gale,* 144 U.S. 509, 518, 12 S. Ct. 674, 36 L. Ed. 521 (1892)." *Horton* v. *Meskill,* supra, 195.

The defendants argue, however, that, *Horton* notwithstanding, we must look to authorities under the comparable federal procedure to appreciate fully the standards that govern intervention as of right. In support of this assertion, the defendants cite Rule 24 (a) of the Federal Rules of Civil Procedure (FRCP)[5] and the case of *United States* v. *Board of Education of City of Chicago,* 88 F.R.D. 679 (1981).

In *Board of Education of City of Chicago,* the court, citing FRCP Rule 24 (a) wrote that "to qualify for intervention *as of right* under Rule 24 (a) (2), an applicant must thus meet each of four conditions: (1) The application must be timely. (2) The applicant must claim an interest relating to the transaction that is the subject of the action. (3) The applicant must show that its ability to protect that interest may as a practical matter be impaired or impeded by disposition of the action. (4) The applicant's interest must not be adequately represented by the existing parties. Failure to meet any one of the conditions is sufficient to deny intervention as of right. *NAACP* v. *New York,* 413 U.S. 345, 369, 93 S. Ct. 2591, 2604, 37 L. Ed. 2d 648 (1973)." *United States* v. *Board of Education of City of Chicago,* supra, 684. Even under these standards, we find that the appellants here qualify for intervention as of right.

---

[5] Rule 24 (a) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

"(a) INTERVENTION OF RIGHT. Upon the timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless applicant's interest is adequately represented by existing parties."

There is no question in this case regarding the timeliness of the appellants' motion to intervene. With respect to the next standard, the appellants persuasively argue that they are to be afforded such intervention as of right because the judgment to be rendered specifically affects their "direct or personal rights." See *Horton* v. *Meskill,* supra, 195. Indeed, what can be more direct and personal than the interest of the parent of a school child in the subject matter of this mandamus action—namely, compelling the implementation of the proposed plan for a desegregated school in the Maloney School district?

In applying the third standard in this case, it is clear from the record at trial that the appellants' interest in the underlying litigation will be affected by the direct legal operation of a judgment rendered in the case. To suggest, as do the defendants, that the appellants' interest in their children's right to a desegregated education is somehow divorced from their interest in the implementation of the racial balancing plan for the Maloney School district is to engage in legal semantics. This situation is in no way similar to that of non-minority parents who have been denied the right to intervene as *defendants* in a school desegregation matter being defended by a municipality. See *United States* v. *Board of School Commissioners,* 466 F.2d 573 (7th Cir. 1972), cert. denied, 410 U.S. 909, 93 S. Ct. 964, 35 L. Ed. 2d 271 (1973).

We are also not persuaded by the defendants' argument that the fourth standard is not met here because the intervenors' interests are fully represented by the plaintiffs in the underlying case. The defendants rely on the trial court's finding that "[t]here is no reason to believe that the Attorney General will not represent all citizens of the state in reaching a conclusion consistent with the United States and State constitutions." The court's expressed concern for the entire citizenry

of Connecticut misses the significance of the appellants' special interest in this case. That interest may, at times, compete with the interests of the state board of education, the commissioner of education and "all the other citizens" of Connecticut. While the attainment of the ultimate goal, the realization of the school racial balancing plan, may be the same, the plaintiffs and the appellants may well be at odds with regard to the structure of settlement proposals,[6] delays and concessions, which the current plaintiffs might be willing to afford the defendants, arguably to the detriment of the appellants' interest, and concern for the immediate implementation of the plan. Further, the appellants have "more parochial interests" dealing with the education of their children. See *Smuck* v. *Hobson,* 408 F.2d 175, 181 (D.C. Cir. 1969).

Moreover, the appellants' direct and limited interest in ensuring that any desegregation plan does not disproportionately impose the burdens of desegregation on them is quite distinguishable from the plaintiffs' general institutional concerns for racial balance in Connecticut schools.[7] Here, we conclude that the appellants have adequately shown that the state plaintiffs' representation of their interests may well be inadequate and, thus, have fulfilled the fourth requirement of 24 [a]. See *Trbovich* v. *United Mine Workers,* 404 U.S. 528, 538 n.10, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972).

The defendants' final argument is that intervention was properly denied because the appellants' proposed complaint introduces matters beyond the purview of the original plaintiffs' complaint. Specifically, the

[6] We note that at oral argument both sides conceded that the trial court before which the case presently rests has already invited and involved the appellants in strategy-settlement sessions aimed at resolving the Maloney school problem.

[7] We also find it significant that the state plaintiffs here do not oppose the appellants' motion to intervene.

defendants contend that the federal constitutional issues and the claim for attorney's fees are improper matters for joinder in the underlying mandamus action. We disagree.

The defendants do not allege that the intervenors lack standing to pursue their claims, but rather they argue that the intervenors should not be allowed to do so in this suit because their standing differs from that of the original plaintiffs. "Such a restriction on intervention finds no support . . . in common sense. The whole point of intervention is to allow the participation of persons with interests distinct from those of the original parties; it is therefore to be expected that an intervenor's standing will have a somewhat different basis from that of the original plaintiffs." *Cook* v. *Boorstin,* 763 F.2d 1462, 1471 (D.C. Cir. 1985) (addressing intervention under FRCP 24 [a]);[8] see also *Kozak* v. *Wells,* 278 F.2d 104, 109 (8th Cir. 1960). The rules of intervention " 'should be liberally construed, in order to avoid multiplicity of suits and settle all related controversies in one action.' " *Kozak* v. *Wells,* supra, 112.

The "interest" criteria of the test for intervention as of right " 'is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.' " *Foster* v. *Gueory,* 655 F.2d 1319, 1324 (D.C. Cir. 1981). These "persons" include those "who allege that they have suffered injury from the same or very similar wrongful acts as those complained of by the original plaintiffs . . . ." Id., 1324–25. To hold otherwise would be to conclude that an intervenor must allege the exact issues as those alleged by original plaintiffs, and would, therefore, be in direct opposition to

[8] Connecticut has not directly addressed this issue. We, therefore, rely upon Federal cases addressing FRCP 24 (a), the federal rule analogous to our Practice Book § 99 and General Statutes § 52-107.

and in contradiction with the requirement that in order for intervention to be warranted, the prospective plaintiffs must show that their rights are not adequately represented by the present parties. Once a party has been granted intervention as of right, the scope of issues raised in a proposed complaint is logically within the authority and discretion of the trial court. See J. Friedenthal, Civil Procedure (1985) § 6.10, p. 373 (issue may be permitted if it has a close transactional relationship to existing controversy); cf. *Connecticut Water Co.* v. *Beausoleil,* 204 Conn. 38, 47–48, 526 A.2d 1329 (1987) (intervenor in administrative action under Water Pollution Control Act barred from raising claim for private damages).

The intervenors here are entitled to have their day in court, and, contrary to the defendants' assertions, they are entitled to have it in connection with this main mandamus action. See *Kozak* v. *Wells,* supra, 114. The defendants here are free to test the propriety of any part of the appellants' complaint by the use of requests to revise, pursuant to Practice Book § 147, or motions to strike, pursuant to Practice Book § 152.[9] These matters, of course, are for the trial court to decide.

---

[9] Practice Book §§ 147 and 152 provide respectively: "Sec. 147. REQUEST TO REVISE

"Whenever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading, or (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading, or (3) separation of causes of action which may be united in one complaint when they are improperly combined in one count, or the separation of two or more grounds of defense improperly combined in one defense, or (4) any other appropriate correction in an adverse party's pleading, the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading."

"Sec. 152. [Motion to Strike] ——IN GENERAL

"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint,

Because of our conclusion that the trial court erred in denying the appellants' motion for intervention as of right, we need not reach the question of the trial court's ruling as to permissive intervention.

There is error, the denial of the motion to intervene is set aside and the case is remanded to the trial court for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

counterclaim or cross complaint, or (3) the legal sufficiency of any such complaint, counterclaim or cross complaint, or any count thereof, because of the absence of any necessary party, or (4) the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts, or (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof.

"A motion to strike on the ground of the nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action."