[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about December 7, 1994, the plaintiffs, Mark Murphy and his parents, brought a four-count complaint against defendants, Carl Kapura and his parents. The complaint alleges that Mark Murphy was injured at the Howell-Cheney Vocational Technical School on November 17, 1993, when he was struck by a hammer thrown by defendant, Carl Kapura. The complaint, inter alia, is based on negligent assault (count one) and intentional assault (third count). Middlesex Mutual Assurance Company ("Middlesex Mutual") insures the defendant under a homeowner's insurance policy. Middlesex Mutual retained and is paying for the defendants' attorney in this action. However, since the policy specifically excludes intentional torts from policy coverage, Middlesex Mutual has reserved its rights regarding its obligation to indemnify the defendant-insured on any judgment for conduct found to be intentional. Accordingly, Middlesex Mutual seeks to intervene, pursuant to Practice Book § 99[1] and Connecticut General Statutes §§ 52-102[2] and 52-107[3], as a party defendant for the limited purpose of submitting interrogatories to the jury. The purpose of CT Page 5317 the interrogatories would be to determine the jury's specific findings as to the allegations of negligence and intentional assault.
On or about April 12, 1995, the plaintiffs filed an objection to the motion to intervene claiming that: (1) Middlesex Mutual is not entitled to intervention as of right and (2) Middlesex Mutual should not be entitled to permissive intervention due to the; prejudice it may cause to the defendants' relationship with their attorney. On or about April 17, 1995, the defendants filed an objection to the motion to intervene claiming that: (1) Middlesex Mutual's appearance would prejudice the defendants and (2) Middlesex Mutual has the option of seeking a remedy through a declaratory judgment action.[4]
Neither the Connecticut Supreme Court nor our Appellate Court have decided whether an insurer may intervene in an action of the insured-defendant to determine an insurance coverage issue. Moreover, while several Superior Court judges have addressed the issue, there is a split of authority on whether intervention should be allowed. Knowlingv. Hunt, 41 Conn. Sup. 389 1 Conn. L. Rptr. 264 (1990) (granting the insurer's motion to intervene); Chenkus v. Dickson,2 Conn. Law Rptr. 260
(1990) ( Berdon, J.) (denying the insurer's motion to intervene);Doe v. Fiano, 3 Conn. Law Rptr. 306 (1991) (Klaczak, J.) (denying the insurer's motion to intervene); Laminate Designs, Inc. v. Gentile,9 Conn. L. Rptr. 416 (1993) (Pittman, J.) (denying the insurer's motion to intervene).
An applicant for intervention as of right must demonstrate an interest of such a direct and immediate character that the applicant will either gain or lose by the direct legal operation and effect of the judgment. Horton v. Meskill, 187 Conn. 187, 195
(1982); State Board of Education v. Waterbury, 21 Conn. App. 67, 75
(1990). The court has approved of reference to Rule 24 of the Federal Rules of Civil Procedure when construing Practice Book § 99 and C.G.S. § 52-102. Horton v. Meskill, supra, 187 Conn. 192. Under Rule 24(a)(2), an intervenor must show that: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction that is the subject matter of the action; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action and (4) the interest is not adequately protected by the existing party.State Board of Education v. Waterbury, 21 Conn. App. 71, 72 (1990);Restor-A-Debt Dental Lab. v. Certified Alloy Prod., 725 F.2d 871,874 (2nd Cir. 1984). CT Page 5318
In discussing `interest' in the context of intervention as of right, courts have held that "the interest must be direct, as opposed to remote or contingent." Restor-A-Debt Dental Lab. v.Certified Alloy Prod., supra, 725 F.2d 874 (and cases cited therein.) In the present case, the interest and/or issue that is the subject matter of the action is whether the defendant Kapura assaulted Murphy and whether damages should be awarded. That is between the plaintiffs and defendants. Middlesex Mutual does not have a direct interest in the subject matter of the action between the plaintiffs and defendants. It is not a necessary party in this, action. See Restor-A-Debt Dental Lab. v. Certified Alloy Prod.,
supra, 725 F.2d 875; Chenkus v. Dickson, supra,2 Conn. L. Rptr. 260;Doe v. Fiano, supra, 3 Conn. L. Rptr. 307; Laminate Designs v.Gentile, supra, 9 Conn. L. Rptr. 143. Moreover, as the court inRestor-A-Dent Dental Lab. points out, the interest asserted by an insurer depends on a contingency, i.e., that there is a jury verdict for the plaintiffs. For these reasons, the court denies Middlesex Mutual's motion to intervene as of right.
In considering permissive intervention, the court evaluates,inter alia,:
 (1) the timeliness of the intervention; [2] the proposed intervenor's interest in the controversy; [3] the adequacy of representation of such interests by existing parties; [4] the delay in the proceedings or other prejudice to the existing parties the intervention may cause; [5] the necessity for or value of the intervention in terms of resolving the controversy before the court.
Horton v. Meskill, supra, 187 Conn. 197 (Emphasis added.)
In the present case, the plaintiffs and defendants argue that intervention may cause prejudice to the existing parties, deter settlement discussions and create delays. The defendants' concern that their comments about the allegations may get back to the Middlesex Mutual is probably the same whether the company has intervened or not. If the court grants the motion to intervene, however, and their comments are relayed back to the insurance company the ramifications are more likely to cause prejudice, i.e., they might have an effect on the text of the submitted interrogatories. This risk of prejudice would not occur if Middlesex Mutual was not allowed to intervene and submit interrogatories. Moreover, as other superior court cases have CT Page 5319 noted, allowing the insurer to intervene may prejudice the general defendant/attorney relationship. See Chenkus, supra,2 Conn. L. Rptr. 261; Doe v. Fiano, supra, 9 Conn. L. Rptr. 307. Furthermore, if Middlesex Mutual became an intervening party, it would have the right to appeal if it objected to the interrogatories as submitted. See Connecticut Rules of Appellate Procedure § 4000. If exercised, this would cause delays and prejudice to the parties.
Lastly, the Supreme Court has held that a declaratory judgment action is a proper vehicle to establish whether the insured's conduct is intentional and, therefore, not within the coverage afforded under the insured's policy. Aetna Casualty Surety Co.v. Jones, 220 Conn. 285 (1991). Accordingly, Middlesex Mutual has an alternative means of establishing whether an intentional assault occurred. Although Aetna Casualty may not be exactly on point, it shows that the Supreme Court does generally approve of a declaratory judgment action to determine coverage. A declaratory judgment, although perhaps cumbersome in this case, is still available to Middlesex Mutual. The disadvantage of being cumbersome is outweighed by the potential prejudice to the defendants in this action by the motion being granted.
For these reasons, Middlesex Mutual's motion to intervene is denied.
Rittenband, J.