[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO INTERVENE NO. 110
On August 17, 1994, the plaintiffs Marcia and Edgardo Ippoliti, brought this action to recover on a note made by the defendant, Eppoliti, Inc. (Eppoliti), in their favor. In their complaint, the plaintiffs allege that they loaned $500,000 to Eppoliti in exchange for the note, which was signed on behalf of Eppoliti by plaintiff, Marcia Ippoliti, its president.
On August 30, 1994, the plaintiffs moved for default against Eppoliti for failure to plead. Default was granted by the court CT Page 145 on September 2, 1994. Judgment was rendered on the default by the court, Stodolink, J., on September 20, 1994, in the amount of $836,027.69.
On September 29, 1995, the proposed intervenors, Richard D. Jones, Stephen B. Hazard, Lois R. Pepe, Kathleen F. Bornhorst, James G. Green, Jr., Robert C. Hunt, Jr., Thomas G. Librizzi, David E. Rosengren, Walter W. Simmers, James C. Graham, James Mercier, Jeanine M. Dumont, Daniel S. Blinn, Timothy Boyce, Timothy T. Corey, Peter L. Costas, Michael Foley, Marc B. Friedman, Susan M. Orr, and James C. Schulwolf d/b/a Pepe Hazard (movants), filed a motion to intervene in this action and simultaneously filed a motion to open the default judgment entered against Eppoliti. The movants contend that they are entitled to intervene in this action "as a matter of right" because "the promissory note which is the basis of this lawsuit is a sham, unenforceable note." The movants allege that they represented Eppoliti in a contract dispute but were never paid for their services. As a result, the movants sued Eppoliti, Inc. and Edgardo Ippoliti, individually, in 1993, in a matter entitledJones v. Eppoliti in the Judicial District of Tolland at Rockville, and obtained a judgment after a bench trial before Judge Rittenband in August, 1995.
The movants allege that "in order to continue to avoid payment to Pepe Hazard, [the plaintiffs] . . . filed this present lawsuit against their corporation . . . and obtained judgment therein by default." The movants allege that they have an interest in the subject matter of this litigation" in the form of funds the plaintiffs have attempted to execute in partial satisfaction of the default judgment against Eppoliti. Thus, the movants argue, they must be allowed to intervene "as a matter of right." No memorandum of law accompanied the motion to intervene.
Practice Book § 99 provides, in part, "[i]f a person not a party has an interest or title which the judgment will affect, the court, on his motion, shall direct him to be made a party." Practice Book § 99; General Statutes § 52-107.
"An applicant for intervention has a right to intervene under Practice Book [§] 99 where the applicant's interest is of such a direct and immediate character that the applicant will either gain or lose by the direct legal operation and effect of the judgment." (Internal quotation marks omitted.) Horton v.Meskill, 187 Conn. 187, 195, 445 A.2d 579 (1982). "[T]o qualify CT Page 146 for intervention as of right . . . an applicant must thus meet each of four conditions: (1 ) The application must be timely. (2) The applicant must claim an interest relating to the transaction that is the subject of the action. (3) The applicant must show that its ability to protect that interest may as a practical matter be impaired or impeded by disposition of the action. (4) The applicant's interest must not be adequately represented by the existing parties. Failure to meet any one of the conditions is sufficient to deny intervention as of right." State Board ofEducation v. Waterbury, 21 Conn. App. 67, 72, 571 A.2d 148
(1990).
Using the above criteria, the movants have failed to meet the second prong of the test for intervention. The movants filed their motion for intervention more than one year following the entry of a default judgment against Eppoliti in this action. And although the movants contend that the default judgment obtained by the plaintiffs "was collusive and . . . was obtained expressly to avoid or attempt to avoid payment [to] . . . Pepe Hazard's debt," the present action was filed more than one year before the court's decision in Jones v. Eppoliti. Thus, the motion to intervene is untimely. "The right to intervene is lost, not merely weakened, if it is not exercised in a timely fashion."Horton v. Meskill, supra, 187 Conn. 194. Moreover, since the movants have not submitted a memorandum of law in support of the motion, it is unclear how they meet any of the other requirements of the test for intervention as of right. Accordingly, the movants' motion to intervene is denied.
Stodolink, J.