[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO INTERVENE
 PROCEDURAL HISTORY
On June 13, 2001, the plaintiff, representing itself to be the Schaghticoke Tribal Nation (Velky group), filed an application for a temporary or permanent injunction and commenced an action against the defendant, Ronald Harrison, for trespass. On July 18, 2001 the Schaghticoke Indian Tribe (Tribe) filed a motion to intervene in the action as of right. The Tribe argues that the Velky group has no authority on the Schaghticoke Reservation and any action taken by the court will interfere with the rights of the Tribe to govern its own tribal members and residents. They further argue that because the actions complained of occurred on the Tribe's Reservation and the relief sought is in direct conflict with the Tribe's sovereignty, the Tribe is entitled to intervene as of right. The Tribe also asserts that because Harrison is only a tribal member, he cannot assert the same authority over the reservation, and therefore, he cannot adequately represent or protect the Tribe's interests against outside persons or entities such as the plaintiff.
DISCUSSION
"An applicant for intervention has a right to intervene under Practice Book [§] 99 [now § 9-18] where the applicant's interest is of such a direct and immediate character that the applicant will either gain or lose by the direct legal operation and effect of the judgment . . ." (Citations omitted; internal quotation marks omitted.) Horton v.Meskill, 187 Conn. 187, 195, 445 A.2d 579 (1982). "[T]o qualify for intervention as of right . . . an applicant must thus meet each of four conditions: (1) The application must be timely. (2) The applicant must claim an interest relating to the transaction that is the subject of the action. (3) The applicant must show that its ability to protect that interest may as a practical matter be impaired or impeded by disposition of the action. (4) The applicant's interest must not be adequately CT Page 15941-hs represented by the existing parties. Failure to meet any one of the conditions is sufficient to deny intervention as of right." State Boardof Education v. Waterbury, 21 Conn. App. 67, 72, 571 A.2d 148 (1990).
The court finds that the applicant here has failed to prove that it meets all of the above required conditions. The motion states that the applicant seeks to protect its interest but the motion does not specify the nature of the interest and why the applicant is the proper party authorized by a tribal council to represent the Schaghticoke Indians in this matter.
The motion to intervene is therefore, denied.
Since the motion to intervene is denied, the court does not need to address the Tribe's motion to dismiss #104.
Cremins, J. CT Page 15941-ic