**UNITED STATES of America, Plaintiff–Appellee,**

**State of New York and Barbara A. De-Buono, M.D., as Commissioner of the New York State Department of Health, Plaintiffs–Intervenors–Appellees,**

**v.**

**CITY OF NEW YORK and New York City Department of Environmental Protection, Defendants–Appellees,**

**Croton Watershed Clean Water Coalition, Inc., HDFC Coalition, Marian Rose, Jesse Davidson, David Ferguson, Marie Runyon, Francis A. Chapman, Mickie Grover, Paul Moskowitz, Edith T. Keasbey, Dart Westphal,**

---

Howard Jackson, Brian Jackson, Tina Argenti, Karen Argenti, Dorothy Vaughn, Helen C. Reed, Steven B. Kaplan, Aaron Bock, and Darnley E. Beckles, Jr., Proposed–Defendants–Intervenors–Appellants.

Docket Nos. 98–6146, 98–6162.

United States Court of Appeals, Second Circuit.

Argued: July 14, 1999

Decided: Dec. 16, 1999

**362**

Deborah B. Zwany, Assistant United States Attorney (Zachary W. Carter, United States Attorney, Varuni Nelson, Assistant United States Attorney, on the brief), Eastern District of New York, Brooklyn, N.Y., for Plaintiff–Appellee.

Gordon J. Johnson, Attorney General's Office, State of New York, New York, N.Y., for Plaintiffs–Intervenors–Appellees.

Stuart D. Smith, of counsel (Michael D. Hess, Corporation Counsel, Barry P. Schwartz, of counsel, on the brief), City of New York, New York, N.Y., for Defendants–Appellees.

John C. Klotz, New York, NY, for Proposed – Defendant – Intervenor – Appellant Croton Watershed Clean Water Coalition, Inc.

Before: WALKER, CABRANES, and SACK, Circuit Judges.

JOHN M. WALKER, Jr., Circuit Judge:

Appellants Croton Watershed Clean Water Coalition et al. ("Coalition") sought to intervene as defendants in this action brought by the United States to enforce the obligations of New York City ("City") under federal law to ensure the safety of its drinking water. The Coalition contends that the district judge erred in denying its motion to intervene under Federal Rule of Civil Procedure 24. We disagree and thus affirm the district court's denial of the motion.

## BACKGROUND

The history of this case begins with a statutory and regulatory scheme enacted in the 1980s. In 1989, pursuant to a 1986 amendment to the Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300g–1 *et seq.*, the United States Environmental Protection Agency ("EPA") promulgated the Surface Water Treatment Rule ("SWTR"), 40 C.F.R. §§ 141.70–75. These two provisions effectively mandated filtration for public water systems using surface water, with some limited exceptions.

The dispute that underlies this case has centered on the Croton watershed, which provides drinking water for approximately 700,000 consumers in New York City and its environs. In 1991, a City report concluded that, although water quality in the Croton watershed was currently high enough to avoid the federal filtration mandate, this would not always be true and

filtration would be required in the future. On October 30, 1992, the City and the New York State Department of Health ("DOH") entered into a stipulation in which the City agreed to provide filtration and disinfection of the Croton watershed. On January 13, 1993, the EPA determined that the SWTR required the City to pursue filtration and disinfection. Although the EPA stated that the City could request a public hearing on the determination, the City never requested one. Despite the stipulation and the EPA determination, the City never chose a site and took no further steps to advance the project. The City did provide regular public notification of its violation of federal and state environmental laws and indicated its intention to build a filtration plant.

On April 24, 1997, the United States brought the present action against the City and its Department of Environmental Protection ("DEP"). The complaint alleged that the City's failure to construct a facility to provide filtration treatment for the Croton watershed violated the SDWA and the SWTR. The United States sought to enjoin future violations, compel compliance with the 1993 EPA determination, and assess civil penalties for violations of the SDWA and SWTR.

Soon thereafter, New York State ("State") was permitted to intervene as a plaintiff "on behalf of itself and as *parens patriae*, trustee, guardian and representative on behalf of all residents and citizens of New York, particularly those individuals who obtain their drinking water from the Croton system." The State alleged that the City was violating state health requirements with respect to the Croton watershed, and sought injunctive relief requiring the City to meet its obligations under the 1992 stipulation.

On May 2, 1997, the City proposed to settle the case, and the district court referred the parties to Magistrate Judge Gold for settlement discussions.

By letter dated June 6, 1997, the Coalition informed the district court that it desired to intervene as a defendant. In an affirmation by its attorney, the Coalition represented itself to the district court as "a membership corporation that includes consumers of drinking water from the Croton watershed including people of color from New York City, water rate payers, taxpayers and residents of New York City and the watershed counties of Westchester and Putnam, and many other individuals interested in the preservation of water quality in the Croton Watershed." The Coalition's purpose in intervening was to prevent any filtration of the Croton water supply. It argued, among other things, that: (1) the procedure leading to the decision to order filtration was deficient; and (2) the Coalition's members would be harmed both as users of water and as ratepayers because "filtration ... is [both] dangerous to consumers [and] fiscally wasteful."

On May 6, 1998, the district court, in a written opinion, denied the Coalition's motion to intervene. Applying the standards for intervention as of right under Rule 24(a), the district court concluded that appellants' interests were not relevant to this action.[1] According to the district court, "the Coalition does not claim that the interests of its membership are at stake in the current action so much as it asserts that those interests were illegitimately disregarded in the course of the administrative determinations that form the background on this action." *United States v. City of New York*, 179 F.R.D. 373, 379 (E.D.N.Y.1998). The district court also denied permissive intervention to appellants. *See id.* at 380–81.

On May 27, 1998, the existing parties filed a consent decree with the district court. The consent decree was available for public comment for 30 days thereafter. By opinion dated November 24, 1998, the

---

**1.** The Town of Yorktown and the City of Yonkers also unsuccessfully moved to intervene in the district court. They have not appealed.

district court determined that the decree was proper and ordered that it be entered. *See United States v. City of New York*, 30 F.Supp.2d 325, 331 (E.D.N.Y.1998). This appeal, which concerns solely the district court's denial of appellants' motion to intervene, followed. We affirm.

## DISCUSSION

■ It is now well-settled that we review a district court's order denying intervention for abuse of discretion. *See Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir.1996); *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 990–91 (2d Cir.1984). "[T]he great variety of factual circumstances in which intervention motions must be decided, the necessity of having the 'feel of the case' in deciding these motions ... particularly in government enforcement actions ... support an abuse of discretion standard of review." *Hooker Chems.*, 749 F.2d at 991.

Rule 24 of the Federal Rules of Civil Procedure provides for both (1) intervention of right and (2) permissive intervention. Since appellants moved on both grounds and have appealed on both grounds, we will examine each in turn.

## I. *Intervention of Right*

The Federal Rules provide for intervention of right upon timely application:

(1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a).

■ Appellants argued below that the "private attorney general" provision of the SDWA, 42 U.S.C. § 300j–8, conferred on them an unconditional right to intervene under Rule 24(a)(1). Although they appear to have abandoned this claim on appeal, we will discuss it briefly. Section 300j–8 authorizes private suits for enforcement of the SDWA, and authorizes intervention as of right by private parties in suits that could have been brought by the parties but for the fact that they are being pursued by the United States or a state. *See* 42 U.S.C. § 300j–8(b)(1)(B). However, as this court has stated, the legislative history of the SDWA indicates that it was intended "to limit private suits to supplemental enforcement of administratively established criteria, and to prevent individuals from invoking the power of the courts to set as well as enforce standards." *Hooker Chems.*, 749 F.2d at 980. Under this standard, the Coalition could not properly use the private attorney general provisions of the SWDA to pursue its claims. The Coalition does not seek to enforce administratively established criteria; it seeks to block such enforcement. Thus, the Coalition has no statutorily conferred right to intervene under Rule 24(a)(1).

■ Appellants' primary contention on appeal is that the district court improperly denied their motion to intervene under Rule 24(a)(2). The standards governing intervention as of right under this subsection are well-established:

"[A]n applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."

*Catanzano*, 103 F.3d at 232 (quoting *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir.1992)). " 'Failure to satisfy any one of these requirements is a sufficient ground to deny the application.' " *Id.* (quoting *Farmland Dairies v. Commissioner*, 847 F.2d 1038, 1043 (2d Cir. 1988)).

The district judge explicitly applied the foregoing legal standards in her order.

Although she found the Coalition's application to be timely, she concluded that the asserted interests of the members of the Coalition were not "properly raised in this action," *United States v. City of New York*, 179 F.R.D. at 379, thus finding that the second requirement for intervention as of right was not met. We must determine only whether the district court abused its discretion. Since there is no dispute as to the timeliness of appellants' motion for intervention, our discussion will focus on the three remaining requirements.

Appellants must first demonstrate a sufficient interest in the subject matter of the action to warrant intervention. According to the Coalition, its members have several concrete interests supporting intervention in this case. It asserts the financial interest of water ratepayers in the Coalition who may be forced to pay higher rates to finance the filtration project; and the health interest of water consumers in the Coalition who claim that filtration will adversely affect water safety. The Coalition also alleges interests that are more remote: that Coalition members who are residents of suburban New York counties will pay higher taxes and suffer adverse environmental impacts because filtration will encourage development in their region; that this very encouragement of development in the largely white suburbs will adversely affect minorities in New York City by discouraging development in the City; and that filtration will contaminate the water supply of the City's largely minority residents. Appellants argue that these interests were not taken into proper account when governmental authorities decided in favor of filtration in the early 1990s, and they seek to vindicate these interests in this proceeding. However, while at least some of appellants' interests are of the type that may support intervention under proper circumstances, *see, e.g.*, *New York Pub. Interest Research Group v. Regents of the Univ. of the State of NY*, 516 F.2d 350, 351–52 (2d Cir.1975) (finding pharmacists' financial stake in upholding a regulation banning advertising of prescription drug prices sufficient to support intervention of right), they are insufficient to support intervention of right in this action.

Under Rule 24(a)(2), the proposed intervenor must have a "direct, substantial, and legally protectable" interest in the subject matter of the action. *Washington Elec. Coop. Inc. v. Massachusetts Mun. Elec. Co.*, 922 F.2d 92, 96 (2d Cir.1990) (citing *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971)). In particular, "[i]ntervention ... 'cannot be used as a means to inject collateral issues into an existing action.' " *New York News*, 972 F.2d at 486 (quoting *Washington Elec.*, 922 F.2d at 97).

Appellants' interests in preventing filtration in the Croton watershed are only collaterally related to the subject matter of this enforcement action. The United States seeks compliance with the SDWA, the SWTR, and the 1993 EPA determination, all of which mandate filtration; the State seeks compliance with the 1992 stipulation, which similarly requires filtration. The Coalition, by contrast, generally challenges the wisdom of filtration under any circumstances and in particular questions the validity of the decision to filter in this case. Although at an abstract level both the government's action and appellants' interests can be said to involve filtration, the Coalition's concerns—the costs and dangers of filtration and the process by which filtration was chosen for the Croton watershed—are irrelevant to this compliance action. As the district judge held, these topics "are simply not at issue in this action and, as a proposed intervenor, the Coalition cannot make them an issue." *United States v. City of New York*, 179 F.R.D. at 379.

Moreover, we doubt whether some of the Coalition's interests—especially its frontal challenge to filtration—are even legally protectable. The filtration mandate is firmly established in federal law. The SDWA required the EPA to "promulgate national primary drinking water regula-

tions specifying criteria under which filtration ... is required as a treatment technique for public water systems supplied by surface water sources." 42 U.S.C. § 300g–1(b)(7)(C)(i). Pursuant to this statutory mandate, the EPA promulgated the SWTR, which required such water systems to provide filtration by and after June 29, 1993, unless they met and continued to adhere to specific filtration avoidance criteria by December 30, 1991. *See* 40 C.F.R. § 141.70–71. Thus, the decision to filtrate or not is a policy choice that Congress seems to have made and that, in any event, is beyond our judicial function.

Our conclusion is not altered by appellants' interesting, but ultimately unpersuasive, argument that, since the SDWA authorizes a court to enter "such judgment as protection of public health may require," 42 U.S.C. § 300g–3(b), the district court has the power to refuse to order filtration in this action; and therefore appellants' head-on challenge to filtration is centrally relevant to the action. We think that the equitable power vested in the district court by the SDWA is more circumscribed than intervenors propose; it is available to ensure compliance with the statute and the regulations promulgated thereunder, not to rework or reject these legislative and regulatory determinations. Indeed, the very statutory provision on which appellants rely focuses almost entirely on compliance issues. *See id.* (instructing courts to consider "the time necessary to comply" and authorizing the imposition of civil penalties where "there has been a violation of the regulation or schedule or other requirement").

In sum, appellants have not demonstrated an interest in the subject matter of this action sufficient to justify intervention as of right.

Our evaluation of the third and fourth requirements for intervention as of right under Rule 24 reinforces our conclusion that appellants are not entitled to intervene. The Coalition has not shown that its members' interests will be impaired by the disposition of this action in its absence. The proposed intervenors have or will have had at least three opportunities to raise their concerns independent of this enforcement action.

First, they could have directly challenged the validity of the 1992 stipulation or the 1993 EPA determination. To be sure, their claims may now be time-barred given that six to seven years have passed since the decisions to which they object were made. However, any failure on their part to act within the applicable statutes of limitations does not sufficiently impair their interests to warrant intervention under Rule 24(a)(2); rather, the harm to their interests must be attributable to the court's disposition of the suit in which intervention is sought. *See Weisman v. Darneille,* 89 F.R.D. 47, 51 (S.D.N.Y.1980). Here, the failure to bring an action within the applicable limitations period is in no way attributable to the court's disposition of the present case.

■ Second, appellants may still bring an independent action to enjoin the construction of a filtration plant for Croton water. Those who are not parties to a consent decree are free to challenge the decree and actions taken under it. *See Martin v. Wilks,* 490 U.S. 755, 762, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989) ("A judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings.") (superceded by statute, 1991 Civil Rights Act § 108, 42 U.S.C. § 2000e–2(n), but only for employment-related claims). In fact, appellants recently have filed such a lawsuit in the district court below, and the case was transferred to the same district judge who is assigned to this case. *See Croton Watershed Clean Water Coalition v. Browner,* No. 99–CV–3904 (E.D.N.Y. transferred July 12, 1999). Appellants have expressed concern that the district judge may be predisposed to defend the Consent Decree, presumably by denying their claims. However, since they have presented no

evidence of bias by the district judge and the judge has expressed no view on the merits of their claims, we decline to find assignment of their independent case to the same judge to be an impairment sufficient to justify intervention as a matter of right in this case.

Third, Coalition members who are ratepayers may attack any rate hikes attributable to the filtration plant's construction in a subsequent proceeding. The New York City Water Board, responsible for financing the City's water and sewer system, sets water rates for both City and non-City users only after a "public hearing at which the users of the water system … and others interested, have had an opportunity to be heard." N.Y. Pub. Auth. L. § 1045–j(3). These rates are then subject to state administrative or judicial review. *See Village of Scarsdale v. Jorling,* 91 N.Y.2d 507, 516, 673 N.Y.S.2d 32, 695 N.E.2d 1113 (1998). Thus, the denial of intervention here does not amount to a foreclosure of opportunities for appellants to seek to vindicate their claims in more appropriate settings.

■ Finally, to the extent that the proposed intervenors have remaining interests in the present litigation, any such interests can be adequately represented by the existing parties. The proponent of intervention must make a particularly strong showing of inadequacy in a case where the government is acting as *parens patriae. See Hooker Chems.,* 749 F.2d at 985. Representation is not inadequate simply because "the applicant would insist on more elaborate … pre-settlement procedures or press for more drastic relief," *id.,* or where the applicant and the existing party have different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy, *see Orange Env't Inc. v. County of Orange,* 817 F.Supp. 1051, 1061 (S.D.N.Y.), *aff'd,* 2 F.3d 1235 (2d Cir.1993). The governmental parties to this litigation share appellants' concerns about safety and cost, and their representation is not inadequate sim-

ply because they have different ideas about how best to achieve these goals. Thus, we cannot say that appellants' interests are "not protected adequately by the parties to th[is] action," as required by Rule 24. *Catanzano,* 103 F.3d at 232 (quotation marks omitted).

In sum, after considering the requirements of Fed.R.Civ.P. 24(a)(2) in the context of this appeal, we conclude that the district court did not abuse its discretion in denying the Coalition's motion to intervene as of right.

## II. *Permissive Intervention*

■ The district court also denied permissive intervention. The Federal Rules provide for permissive intervention upon timely application:

> (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b). *Accord Comer v. Cisneros,* 37 F.3d 775, 801 (2d Cir.1994). We review a district court's ruling on permissive intervention for abuse of discretion, and our review in this area is particularly deferential. *See United States v. Pitney Bowes, Inc.,* 25 F.3d 66, 73 (2d Cir. 1994) ("Reversal of a district court's denial of permissive intervention is a very rare bird indeed, so seldom seen as to be considered unique."); *Hooker Chems.,* 749 F.2d at 990 n. 19 ("[A] denial of permissive intervention has virtually never been reversed.").

■ As we have noted, the Coalition does not contend that a federal statute confers on it or its members any right to intervene. The Coalition does allege, however, a common question—the propriety of filtration. Nevertheless, the district court found that, "[since] the claimed interests of

the proposed intervenors, although broadly related to the subject matter of this action, are extraneous to the issues before the court, . . . intervention would indeed unduly delay the adjudication of the rights of the existing parties to the action." *United States v. City of New York,* 179 F.R.D. at 381. This was not an abuse of discretion, as our earlier discussion indicates. It was also reasonable for the district court to deny the motion on the grounds of undue delay, *see Pitney Bowes,* 25 F.3d at 74, given that many years had passed since the City publicly acknowledged a duty to filter and the existing parties to the action were on the verge of resolving their differences when the district court ruled on the motion to intervene.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.